UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID W. GREEN, JR.,               )
                                   )
                Petitioner,        )
                                   )
        v.                         )        No. 2:17-cv-00494-WTL-DLP
                                   )
WABASH VALLEY CORRECTIONAL         )
FACILITY,                          )
                                   )
                Respondent.        )


**Entry Dismissing Petition for a Writ of Habeas Corpus**

Petitioner David Green brings this petition for a writ of habeas corpus challenging the
modification of his state sentence. For the following reasons, Green's petition must be dismissed.

**Factual Background**

On February 8, 2016, Green pleaded guilty in Clark County to Class B felony burglary
and three counts of Class D felony receiving stolen property. As part of the plea agreement,
Green agreed to a 16-year sentence in exchange for the dismissal of three counts of Class B
felony burglary. On February 20, 2017, Green filed a motion for sentence modification in the
trial court. The State objected to Green's motion for sentence modification. On April 24, 2017,
the trial court modified Green's sentence by suspending an additional two and one-half years
with an added condition of restitution. On July 18, 2017, Green filed a *pro se* motion to correct
error in the trial court, arguing that he was promised twice as much credit time (2½ years) at the
hearing on his motion for sentence modification than was reflected in the amended abstract of
judgment after modification (1½ years). Before the trial court ruled on his motion to correct
error, Green filed a motion to correct erroneous sentence asserting the same basis, and a

memorandum in support of that motion. On October 25, 2017, Green filed the instant petition for writ of habeas corpus.

## Discussion

The respondent argues that Green's habeas petition should be dismissed because he has not yet exhausted his state court remedies with regard to his claims. "[A] state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Id.* When a claim is not exhausted and state court remedies remain available, the federal court generally "must . . . dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26.

Green brought this habeas petition before the trial court ruled on the motion to correct error. The court has since ruled on that motion.[1] Green has not appealed his conviction or sentence in the Indiana Court of Appeals and he has not appealed the trial court's ruling on the

---

[1] The Court takes judicial notice of the docket of the Clark County Court. 10C04-1309-FB-000213.

motion to correct errors. He therefore has failed to exhaust his state court remedies before bringing this habeas petition.

A petitioner who has failed to exhaust his state court remedies may nevertheless obtain federal habeas review if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 349 n.1 (1989); *Cruz v. Warden*, 907 F.2d 665, 668 (7th Cir. 1990). In other words, a petitioner may be able to bypass state remedies if those remedies are not meaningful. A habeas petitioner may also overcome his failure to exhaust if there has been an inordinate and unjustified delay in the state court proceedings. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). But Green has not argued that state court remedies are not meaningful. He states in his petition that "Clark County will not respond to my motions . . . ," but the pendency of the motion to correct erroneous sentence, which was less than a year, is not the kind of inordinate delay that will allow him to proceed directly to this Court.

## Conclusion

As explained above, Green has failed to exhaust his available state court remedies before filing this petition for a writ of habeas corpus. His petition must therefore be dismissed without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED: 7/5/18**

Distribution:

DAVID W. GREEN, JR.
811 E. Franklin Street
Evansville, IN 47711

James Blaine Martin
INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana